UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:16CR375 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | Magistrate Judge George J. Limbert |
| v. | ) | |
| | ) | |
| CHRISTOPHER SPRINGFIELD, | ) | REPORT & RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| Defendant. | ) | |

This matter was referred to the undersigned to conduct appropriate proceedings in accordance with Criminal Rule 32.1 and file a Report and Recommendation. 1/7/19 non-document Order. On January 30, 2019, Defendant Christopher Springfield ("Defendant"), with counsel, appeared before the undersigned for an Initial Appearance on the revocation of his supervised release where he denied the alleged supervised release violations and waived his right to a detention hearing at that time. 1/30/19 non-document Order. A preliminary examination and supervised release revocation hearing were scheduled before the undersigned. *Id*.

On February 11, 2019, Defendant appeared before the undersigned for the preliminary examination and supervised release revocation hearing, with the Government represented by Assistant United States Attorney David M. Toepfer, and Defendant present and represented by Assistant Federal Public Defender Darin Thompson.

Defendant's procedural history is outlined as follows. On April 4, 2017, United States Pretrial and Probation Officer ("USPPO) Anna Newman filed a Violation Report with Modification Request alleging that Defendant violated the following supervised release condition:

> 1) Leaving the Judicial District without Permission - On March 21, 2017, the offender was in Williamstown, West Virginia, without permission.

ECF Dkt. #4. USPPO Newman requested, and the Court ordered, that Defendant participate in the Location Monitoring Program for 90 days. ECF Dkt. #s 4, 5.

On April 25, 2017, USPPO Newman filed an Information Only Supervision Report

notifying the Court that Defendant had violated the following condition of release:

> 1) Drug Use - On 04/07/2017, the offender tested positive for marijuana and PCP.  The urine sample was sent to Alere Toxicology Services, Inc. and was confirmed to be positive for marijuana and PCP on 04/12/2017.  Additionally, on 04/12/2017, the offender tested positive for marijuana.  The urine sample was sent to Alere Toxicology Services, Inc. and was confirmed to be positive for marijuana on 04/16/2017.

ECF Dkt. #6.  Defendant was referred for another substance abuse assessment, required to attend two individual counseling sessions per month, and random drug testing was increased to three tests per month.  *Id.*

On May 24, 2017, USPPO Newman filed another Information Only Supervision Report notifying the Court of Defendant's noncompliance with the following supervision conditions:

> 1) Drug Use - On 04/27/2017, the offender tested positive for marijuana use on an instant drug screen.  The urine sample was sent to Alere Toxicology Services, Inc. (Alere) and was confirmed to be positive for marijuana on 05/01/2017.
>
> 2) Drug Use - On 05/09/2017, the offender tested positive for Phencyclidine (PCP) use on an instant drug screen.  The urine sample was sent to Alere and was confirmed to be positive for PCP on 05/16/2017.

ECF Dkt. #7.  USPPO Newman indicated that Defendant began 31 days of residential substance abuse treatment with CATS on May 24, 2017, and upon his discharge from there, he would be required to attend intensive outpatient treatment and continue with random drug testing.  *Id*.

On February 6, 2018, USPPO Jennifer Giammarco, submitted a Violation Report with Modification Request outlining the following alleged supervised release violation:

> **Violation of Standard Condition #7 (Possession of Drug Paraphernalia):** On 1/10/2018, the offender was found to have in his possession 2 black digital scales during a home visit.

ECF Dkt. #8.  USPPO Giammarco noted that this was the fifth report by the United States Pretrial Services and Probation Office to the Court outlining Defendant's noncompliance with supervision.  *Id*.  She requested, and the Court ordered, that Defendant's conditions of supervision to be modified to include a warrantless search condition by the USPPO based upon a reasonable suspicion of contraband or evidence of a violation of a condition of release.  *Id*.

On October 15, 2018, USPPO De'Mario Reynolds filed an Information Only Supervision Report indicating that Defendant had been noncompliant with the following supervised release condition:

> 1. **Illicit Drug Use** – On 09/18/2018, Mr. Springfield submitted to drug testing with positive results for marijuana.

ECF Dkt. #10. USPPO indicated that his plan of intervention after speaking to Defendant was to increase his frequency of contact with Defendant. *Id.*

On November 8, 2018, USPPO Reynolds submitted a Violation Report containing the following two alleged supervised release violations:

> **New Law Violation – Domestic Violence** – Mr. Springfield was arrested on November 8, 2018, for a warrant that stemmed from an allegation of Domestic Violence that occurred on November 6, 2018. The matter involved Mr. Springfield and his brother (Craig Alford). To date, Mr. Springfield is being detained in the Cuyahoga County Jail.
>
> **New Law Violation - Operating a Vehicle Under the Influence:** On October 28, 2018, Mr. Springfield was cited for Driving While Under the Influence, Driving in Marked lanes, and Violating the Seatbelt law. The case is currently scheduled for Pretrial in the Cleveland Municipal Court (2018TRC031572) on November 13, 2018, at 09:00am.

ECF Dkt. #11. On December 10, 2018, USPPO Reynolds filed a Second Violation Report alleging the following alleged supervised release violations:

> **1. Law Violation**: On 10/28/18, Mr. Springfield was cited for Driving While Under the Influence, Driving in Marked lanes, and Violating the Seatbelt Law. The case is pending in the Cleveland Municipal Court (2018TRC031572).
>
> 2. **Drug Use**: On 10/31/18, Mr. Springfield submitted to drug testing providing positive results for Marijuana. The results were confirmed by Alere Laboratories on 11/04/2018.
>
> 3. **Making False Statements to an Officer**: According to the Standard Conditions of Supervision, Mr. Springfield is required to answer his probation officer truthfully when questioned. As noted above, Mr. Springfield was cited for Driving While Under the Influence, Driving in Marked Lanes, and Violating the Seatbelt Law. However, when this officer initially asked about the nature of his contact with law enforcement, he reported that he was cited for speeding. Further investigation into the nature of his contact with law enforcement revealed the true cause of his contact with law enforcement.

> 4. **Law Violation: Felonious Assault** – Mr. Springfield is charged with two counts of Felonious Assault (F2) in Cuyahoga County Common Pleas Court in case CR-18-634475-A, for an offense in which Mr. Springfield assaulted the victims with a metal pole on November 8, 2018 at 1117 hours inside of Constantino's Market. The case is scheduled for a Pretrial Conference before Judge Michael J. Russo on January 3, 2019, at 09:30am.

ECF Dkt. #14.

On January 24, 2019, USPPO Reynolds submitted a Supplemental Information Report indicating that Defendant was found guilty in state court of Driving Under the Influence of Alcohol/Drugs and was sentenced to 180 days in the Cleveland House of Correction, with 174 days suspended and credit for 6 days served. ECF Dkt. #21. He was further ordered to serve six months of inactive community control supervision. *Id.* USPPO Reynolds further informed the Court that the Driving in Marked Lanes and Seatbelt Violations were nolled. *Id.* USPPO Reynolds further noted that Defendant's Felonious Assault case in state court was set for trial and Defendant remained in custody on those charges as bond had been set $50,000 cash surety property. *Id.*

On February 6, 2019, USPPO Reynolds filed a Supplemental Information Report notifying the Court that Defendant had entered a guilty plea to an amended charge of Attempted Felonious Assault in his Felonious Assault case and he was referred to the county probation department for a presentence report. ECF Dkt. #21. USPPO Reynolds indicated that Defendant was scheduled for sentencing in that case on February 28, 2019. *Id.*

At the supervised release revocation hearing held on February 11, 2019 before the undersigned, Defendant, with counsel present and after being informed of his rights, admitted to the first, second, and fourth violations contained in the Violation Report submitted on December 10, 2018. The Government then moved to dismiss the third supervised release violation contained in the Violation Report.

Based on Defendant's admissions to the first, second, and fourth violations presented in the December 10, 2018 Violation Report, the undersigned finds that Defendant has violated the

-4-

terms of his supervised release. The undersigned continued Defendant's detention pending further proceedings in this case.

**CONCLUSION AND RECOMMENDATION**

For the foregoing reasons, the undersigned RECOMMENDS that the Court find that Defendant has violated the terms of his supervised release.


Date: February 11, 2019          */s/ George J. Limbert*
                                                George J. Limbert
                                                United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Crim. P. 59. Failure to file objections within the specified time constitutes a WAIVER of the right to appeal the Magistrate Judge's recommendation. *Id.*